# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JENNIFER LYN JOHNSON,     )
)
   Plaintiff,       )
)   Case No. 3:25-cv-00759
v.          )
)   District Judge Waverly D. Crenshaw, Jr.
INTERNATIONAL DECORATORS, INC.,   )   Magistrate Judge Barbara D. Holmes
)
   Defendant.     )
)

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default against Defendant International Decorators, Inc. (Doc. No. 16). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

Plaintiff filed this action on July 9 26, 2025. (Doc. No. 1). Summons was issued as to International Decorators, Inc. in care of its registered agent for service of process, Mark R. Raymond. (Doc. No. 10). On October 21, 2025, Plaintiff returned the Summons, a Proof of Service Declaration, and a United States Postal Service (USPS) certified mail receipt. (Doc. No. 14). The certified mail receipt was signed by "Christian Huerta." *Id.* Plaintiff filed the pending Motion on December 5, 2025. (Doc. No. 16).

Pursuant to Local Rule 55.01, motions for entry of default as to corporate entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01 (i)-(ii). Plaintiff submitted the Declaration of Rachel Mae Ringer

1

in support of her Motion. (Doc. No. 17-4).

Federal Rule of Civil Procedure 4 establishes the procedures for service of process on corporate defendants. When serving a domestic corporation pursuant to Federal law, a copy of the summons and complaint may be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Additionally, service upon a domestic corporation may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A). When serving a domestic corporation pursuant to Tennessee law, a corporation may be served by delivering a "a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county where in the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).

Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by "registered return receipt or certified return receipt mail." Tenn. R. Civ. P. 4.04(10).[1] However, for service to be effective, **any return receipt must be signed** by the defendant, a person designated by Rule 4.04, or by statute. Tenn. R. Civ. P. 4.04(10). As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth

---

[1] The Illinois Code of Civil Procedure states that, "[a] private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." Illinois Code of Civil Procedure § 5/2-204. Upon limited review, the Clerk did not find any Illinois rule or statute that authorized service of process by mail without leave of court.

2

the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.*'" *Id.* (emphasis in original).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, the USPS information appended to Plaintiff's returned Summons does not include the signature of the registered agent to whom it was addressed. Nor is there any evidence that Christian Huerta is affiliated with or otherwise authorized to accept service of process on behalf of International Decorators, Inc. As a result, service of process as to Defendant is ineffective and Clerk **DENIES without prejudice** Plaintiff's Motion Entry of Default. (Doc. No. 17).

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court